UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br><br> v.<br><br>UNIVERSITY OF CHICAGO, ET AL.,<br><br>   Defendants. | Case No. 8:26-cv-01410-CV (DTB)<br><br>**ORDER OF TRANSFER** |

 Plaintiff, Jane Doe, proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 in the Southern District of California on June 1, 2026. (Docket No. 1). Plaintiff did not pay the filing fee and seeks leave to proceed in forma pauperis. (Docket No. 2). In light of Plaintiff's request to proceed in forma pauperis, the Court has reviewed the Complaint.

**I**

**VENUE**

 Having reviewed the Complaint, this Court finds venue in the Central District of California is improper. Venue may be raised by a court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not

run. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). A "civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); Costlow, 790 F.2d at 1488. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

In her Complaint, Plaintiff raises a total of 10 claims, all of which pertain to events alleged to have occurred in Cook County, Illinois, which is located in the Northern District of Illinois, Eastern Division. See U.S.C. § 92(a)(1). As all of Plaintiff's claims arise out of conduct alleged to have occurred in Cook County, Illinois, the Court finds venue is proper in the Northern District of Illinois. See Costlow, 790 F.2d at 1488.

Having determined that venue is improper, this Court must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or division in which it could have been brought. 28 U.S.C. § 1406(a). Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992). Here, the Court finds it would be in the interest of justice to transfer this action to the Northern District of Illinois, due to the multiplicity of claims arising therein. See 28 U.S.C. § 1406(a). The Court expresses no opinion as to whether Plaintiff's Complaint should survive the *sua sponte* screening required by 28 U.S.C. § 1915A(b). See Byrd v. Phoenix Police Dep't., 885 F.3d 639, 641 (9th Cir. 2018) ("For certain prisoner civil rights litigation, 28 U.S.C. § 1915A(a) requires pre-

2

answer screening of the complaint so that 'the targets of frivolous or malicious suits need not bear the expense of responding.'") (citation omitted).

## II.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer this civil action for lack of proper venue, in the interests of justice, and for the convenience of all parties, to the docket of the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 92(a)(1), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).

Dated: July 15, 2026

_____
DAVID T. BRISTOW
United States Magistrate Judge